## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| ALLEGHANY CORP., JEFFERSON W. KIRBY, JOSEPH P. BRANDON, CHRIS H. CHEESMAN, IAN H. CHIPPENDALE, JOHN G. FOOS, PHILIP M. MARTINEAU, LAUREN M. TYLER, and RAYMOND L. M. WONG, | : **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934** |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On March 20, 2022, Alleghany Corp. ("Alleghany" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Berkshire Hathaway Inc. ("Berkshire") and O&M Acquisition Corp. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Alleghany's stockholders will receive $848.02 in cash per share.

3. On April 11, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Alleghany common stock.  Plaintiff resides in this District.

9. Defendant Alleghany is a Delaware corporation.  Alleghany's common stock is traded on the New York Stock Exchange under the ticker symbol "Y."

10. Defendant Jefferson W. Kirby is Chairperson of the Board of Directors of Alleghany (the "Board").

11. Defendant Joseph P. Brandon is President, Chief Executive Officer and a member of the Board.

12. Defendant Chris H. Cheesman is a member of the Board.

13. Defendant Ian H. Chippendale is a member of the Board.

14. Defendant John G. Foos is a member of the Board.

15. Defendant Philip M. Martineau is a member of the Board.

16. Defendant Lauren M. Tyler is a member of the Board.

17. Defendant Raymond L. M. Wong is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Alleghany owns operating subsidiaries and manages investments, anchored by a core position in property and casualty reinsurance and insurance.

20. On March 20, 2022, Alleghany entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Berkshire Hathaway (NYSE:BRK.A; BRK.B) and Alleghany Corporation (NYSE:Y) today jointly announced they have entered into a definitive agreement under which Berkshire Hathaway will acquire all outstanding Alleghany shares for $848.02 per share in cash. The transaction, which was unanimously approved by both Boards of Directors, represents a total equity value of approximately $11.6 billion. The acquisition price represents a multiple of 1.26 times Alleghany's book value at December 31, 2021, a 29% premium to Alleghany's average stock price over the last 30 days and a 16% premium to Alleghany's 52-week high closing price.

"Berkshire will be the perfect permanent home for Alleghany, a company that I have closely observed for 60 years. Throughout 85 years the Kirby family has created a business that has many similarities to Berkshire Hathaway. I am particularly delighted that I will once again work together with my long-time friend, Joe Brandon." said Warren E. Buffett, Berkshire Hathaway's Chairman and Chief Executive Officer.

"My family and I have been significant shareholders of Alleghany for over 85 years and are proud that our ownership will culminate through this compelling transaction with Berkshire Hathaway. Not only does this deal provide substantial and certain value to stockholders, but it provides a rare opportunity to join forces with a like-minded and highly respected investor and business leader," said Jefferson W. Kirby, Chair of the Alleghany Board of Directors. "Berkshire Hathaway's support, resources, and expertise will provide added benefits and opportunities for Alleghany and its operating businesses for many years to come."

"This is a terrific transaction for Alleghany's owners, businesses, customers, and employees," said Joseph P. Brandon, Alleghany's President and Chief Executive Officer. "The value of this transaction reflects the quality of our franchises and is the product of the hard work, persistence, and determination of the Alleghany team over decades. As part of Berkshire Hathaway, which epitomizes our long-term management philosophy, each of Alleghany's businesses will be exceptionally well positioned to serve its clients and achieve its full potential."

The transaction is expected to close in the fourth quarter of 2022, subject to customary closing conditions, including approval by Alleghany stockholders and receipt of regulatory approvals. Alleghany will continue to operate as an independent subsidiary of Berkshire Hathaway after closing. Mr. Kirby, who controls 2.5% of Alleghany common shares, intends to vote his shares for the transaction.

Under the terms of the definitive merger agreement, Alleghany may actively solicit and consider alternative acquisition proposals during a 25-day "go-shop" period. Alleghany has the right to terminate the merger agreement to accept a superior proposal during the go-shop period, subject to the terms and conditions of the merger agreement. There can be no assurances that the "go-shop" process will result in a superior proposal, and Alleghany does not intend to communicate developments regarding the process unless and until Alleghany's Board of Directors makes a determination requiring further disclosure.

Goldman Sachs & Co. LLC is serving as financial advisor and Willkie Farr & Gallagher LLP is serving as legal advisor to Alleghany. Munger, Tolles & Olson LLP is serving as legal advisor to Berkshire Hathaway.

22. On April 11, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

23. The Proxy fails to disclose material information regarding Alleghany's financial projections, specifically: the line items underlying the financial projections.

24. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

25. The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. Regarding Goldman Sachs' Illustrative Dividend Discount Analysis, the Proxy fails to disclose: (i) the estimated capital return to shareholders utilized by Goldman Sachs; (ii) the terminal values utilized by Goldman Sachs; (iii) the inputs and assumptions underlying the discount rates and multiples utilized by Goldman Sachs; and (iv) the number of fully diluted shares utilized by Goldman Sachs.

27. Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the dividends utilized by Goldman Sachs; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Goldman Sachs.

28. Regarding Goldman Sachs' Selected Precedent Transaction Analysis, the Proxy fails to disclose: (i) the closing dates for the transactions utilized by Goldman Sachs; and (ii) the total values of the transactions utilized by Goldman Sachs.

29. Regarding Goldman Sachs' Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Goldman Sachs; and (ii) the premiums paid in the transactions utilized by Goldman Sachs.

**COUNT I**

**Claim Against the Individual Defendants and Alleghany for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth

herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Alleghany is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Alleghany within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Alleghany and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  April 29, 2022  **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

9